## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN DIVISION

| | | |
|---|---|---|
| **BOHDAN J. ZELECHIWSKY** | : | |
| **and** | : | |
| **LISA A. ZELECHIWSKY,** | : | |
| **1940 Swamp Road** | : | |
| **Quakertown, PA 18953** | : | **CIVIL ACTION** |
| | : | |
| **Plaintiffs,** | : | |
| | : | **No.** |
| **vs.** | : | |
| | : | |
| **TROOPER ASHLEY DAVIS,** | : | |
| **New Jersey State Police** | : | |
| **Troop A Woodstown** | : | |
| **769 Rt. 40** | : | **Section 1983** |
| **Pilesgrove, NJ 08098** | : | **Civil Rights Action** |
| | : | **NJCRA Action** |
| **and** | : | |
| | : | |
| **TROOPER JOHN DOE,** | : | |
| **New Jersey State Police** | : | |
| **Troop A Woodstown** | : | |
| **769 Rt. 40** | : | |
| **Pilesgrove, NJ 08098** | : | **Jury Trial Demanded** |
| | : | |
| **Defendants.** | : | |

## <u>COMPLAINT</u>

NOW COMES, the Plaintiffs, **BOHDAN J. ZELECHIWSKY and LISA A. ZELECHIWSKY,** by and through their legal counsel, P. Joseph Nicola, Esquire, and do hereby allege and aver the following:

1

## I.   JURISDICTION AND VENUE

1.   This action is instituted under the United States Constitution, particularly under the provisions of the Fourth and Fourteenth Amendments, and under federal law, particularly the Civil Rights Act of 1871 hereinafter referred to as the "Act," as amended, 42 U.S.C. § 1983; as well as the New Jersey Civil Rights Act ("NJCRA") N.J. Stat. Ann. § 10:6-2, *et seq*.

2.   This Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1331, § 1343(a)(3), § 1343(a)(4), and § 1367(a) regarding the principles of pendent and supplemental jurisdiction over related state law claims.

3.   Venue in the United States District Court for the District of New Jersey – Camden Division is properly laid pursuant to 28 U.S.C. § 1391, insofar as the alleged unlawful conduct asserted in this Complaint, which forms the factual and legal basis of the Plaintiffs' claims, arose within the geographical limits of this District in general and within the geographical limits of Millville City, Cumberland County, New Jersey, in particular.

## II.  PARTIES

4.   Plaintiffs Bohdan and Lisa Zelechiwsky (hereinafter "Bohdan" or "husband", or "Lisa" or "wife", collectively as "Plaintiffs") are adult individuals, with a home address of 1940 Swamp Road, Quakertown, PA 18953.

5.     Defendant Trooper Ashley Davis (hereinafter "Davis") is an adult individual who, at all times relevant hereto, was a New Jersey State Police Trooper assigned to Troop A Woodstown, located at 769 Route 40, Pilesgrove, NJ 08098, and was entrusted with the power, under color of law, to enforce the laws of the State of New Jersey, and to protect the Constitutional rights of those she encountered.

6.     Defendant Trooper John Doe (hereinafter "Doe") is an adult individual who, at all times relevant hereto, was a New Jersey State Police Trooper assigned to Troop A Woodstown, located at 769 Route 40, Pilesgrove, NJ 08098, and was entrusted with the power, under color of law, to enforce the laws of the State of New Jersey, and to protect the Constitutional rights of those he encountered.

### III.  PRE-DISCOVERY FACTUAL ALLEGATIONS

7.     On August 10, 2020, at or about 9:35 p.m., Plaintiff Bohdan J. Zelechiwsky, was operating his Ford Pickup Truck at SH 55 NB MP 24 MILL in Millville City, Cumberland County, New Jersey.

8.     Plaintiff Lisa A. Zelechiwsky was in the front passenger seat of the Ford being operated by her husband.

9.    The couple was returning home to Quakertown, Pennsylvania from a pleasant weekend trip to their beach house located in Cape May, New Jersey.

10.   Bohdan was obeying all traffic laws, and at all times operating his vehicle in a lawful manner.

11.   A marked New Jersey State Police vehicle operated by Trooper Ashley Davis, signaled with its overhead lights for the Ford to pull over, and Bohdan immediately complied.

12.   Again, at no time did Bohdan violate any traffic laws, or create any reason to be pulled over by Trooper Davis.

13.   Trooper Davis approached the passenger side of the Ford, Lisa lowered the passenger window, and Trooper Davis engaged the couple in conversation from the passenger side front window.

14.   Upon questioning, the couple advised that they were on a return trip home from their beach house and headed to Quakertown, PA.

15.   Trooper Davis advised Bohdan that he was pulled over for "weaving", an accusation both occupants instantly adamantly denied.

16.   Trooper Davis asked Bohdan to produce his driver's license, registration and insurance, which he promptly did.

17.   August of 2020 was in the heart of the Covid-19 pandemic in the world, and specifically in the State of New Jersey.

18.   Trooper Davis was not wearing a mask or taking any appropriate preventative precautions regarding the deadly virus, which was believed to be against the State of New Jersey and New Jersey State Police policies at that time.

19.   Trooper Davis took Bohdan's documentation back to her patrol vehicle for several minutes, and then returned to the driver's side of the vehicle and asked Bohdan to step out of the vehicle, and he complied.

20.   Without cause, Trooper Davis required Bohdan to perform Field Sobriety Tests, which he performed as well as an almost 70 year old man located on the side of a dark highway at night could perform.

21.   Trooper Davis's department issued Mobile Vehicle Recorder "MVR" was operational, as well as her "body cam" (camera), and should have capture the entire interaction between the Plaintiffs and Defendants, including husband's successful performance of the field sobriety tests.

22.   At some point Trooper Davis requested the presence of another State Trooper Unit and Trooper Doe arrived on the scene around the time the Field Sobriety Tests were being performed.

23. Both Troopers were advised that Bohdan had not consumed any alcohol, and that he was in no way intoxicated or impaired.

24. Suddenly, and without probable cause, Trooper Davis physically placed Bohdan under arrest, handcuffed him, and placed him into her patrol vehicle at which point she threatened by stating "tell me how much you drank or I'll throw the book at you." Bohdan responded, "I had nothing to drink."

25. Trooper Davis never subjected Bohdan to a portable breath test ("PBT").

26. Trooper Davis demanded that Lisa produce her identification and she did.

27. Lisa was directed to step out of the vehicle and to remove the family dog who was sitting in the rear. Lisa asked if he could please remain in the vehicle for his safety due to the fact that it would be unsafe to try to keep the young dog on the side of the highway at night. Davis responded, "Remove your dog." And Lisa did so.

28. Trooper Davis then illegally searched the Plaintiffs' entire vehicle, and all Plaintiffs' possessions within the vehicle, including emptying the entire contents of their groceries as well as Lisa's purse on the car seat, and rummaged through them.

29. Obviously, nothing of any criminal or evidentiary value was located within the vehicle or the grocery bags or the purse.

30.  Lisa protested to both Troopers, and again stated that there was no reason for her husband's arrest, as he was completely sober.  Lisa told them that they had just eaten with the Heidecker family at a restaurant by their home and that they did not serve alcohol.  But, the Troopers were not interested in confirming the fact that Bohdan had only drunk seltzer water and soda.

31.  Trooper Davis transported Bohdan to the State Police Barracks, which was located approximately 40 minutes away, and Lisa followed in the Ford.

32.  Trooper Doe left the scene as the search concluded, and despite the opportunity and duty to do so, never intervened in halting Trooper Davis's unconstitutional stop, search, seizure, arrest or transport.

33.  Bohdan was taken to the Barracks and Trooper Davis handcuffed him to a bench upon arrival.

34.  Lisa was told to enter through the rear of the Barracks and to wait in a designated room for the release of her husband.

35.  Just as Davis and Doe, Troopers within the station were not wearing masks or taking any Covid-19 preventative measures as believed to be required by law and policy at that time, and no one replaced on Bohdan's face the mask which hung below his chin at that time.

36.  Another Trooper, not Davis, approached Bohdan who remained handcuffed to the bench, and then brought him to a breathalyzer machine.

37.   Bohdan performed the requested test and on two occasions, registered each of which a 0.0 BAC.

38.   Despite this additional clear evidence of sobriety, Bohdan was returned to the bench and re-handcuffed.  No other tests were performed.

39.   Some time passed and Bohdan was again approached by Trooper Davis who provided him with a traffic citation "Improper Right and Left Turns (39:4-123)," stating "here's your citation, go."

40.   Bohdan was held in the State Police Barracks for roughly two (2) hours against his will and without cause.

41.   Bohdan and his wife then entered their car and returned home to Quakertown, in complete shock and disgust over the police abuse they had just encountered.

42.   The stop of the Plaintiffs' vehicle was pre-textual and unjustified, and was the product of un-Constitutional conduct.

43.   Plaintiff believes the arrest was a ploy, simply to permit Trooper Davis to investigate her incorrect "hunch" and to conduct an illegal search of the vehicle and its contents.

44.   Plaintiff Bohdan was never served with any paperwork regarding the search of his vehicle; and Plaintiff Lisa was never served with any paperwork regarding the search of her purse.

45. The Plaintiffs believe and therefore aver that Defendant Trooper Davis would unlawfully criminally prosecute Bohdan, even though it was clear that he had not committed a crime. Moreover, she accomplished this by falsely swearing to a knowingly untrue Traffic Citation under 39:4-123 Improper Right and Left Turns.

46. Because of the false charge brought by Defendant Davis against Bohdan, he has had to make multiple efforts to defend against the citation.

47. As a direct and proximate result of the acts, and omissions committed by the named Defendants herein, as detailed above, and as further articulated in the paragraphs which follow, Plaintiff(s) was/were caused to suffer, inter alia, the following past and future harms, injuries and damages, some or all of which may be permanent and/or continuing in nature:

    a.   loss of liberty;

    b.   invasion of privacy and freedom of association;

    c.   damage to reputation;

    d.   emotional distress and anguish;

    e.   loss of life's pleasures;

    f.   loss of consortium;

    g.   loss of income; and

    h.   attorney's fees and costs.

48.     The acts and/or omissions of the Defendants, or one or more of them, evidenced a deliberate indifference to the rights guaranteed to individuals such as Plaintiffs, under the Fourth and Fourteenth Amendments to the United States Constitution, and New Jersey Constitution.

49.     At all times relevant, the legal principles regarding the rights of persons, such as Plaintiffs, and the contours of those Constitutional and statutory rights, were well-established, and it was not reasonable for any Defendant to believe that his/her actions would not deprive the Plaintiffs of those rights.

50.     At all times during the events described herein, the Defendants were engaged in one or more joint ventures which combined to produce the Constitutional violations and other harms asserted herein. The Defendants assisted each other in performing the various actions described, and lent their physical presence, support and/or authority to one another.

51.     The Plaintiffs further believe and therefore aver, that without the intervention of this Honorable Court, the Plaintiffs, as well as others, may suffer from state and federal rights violations similarly and that, consequently, injunctive relief is demanded, and required.

52.     The Defendants, individually and collectively, at all times pertinent to the claims asserted herein, acted under color of law.

53.   While acting under color of law, the Defendants deprived the Plaintiffs of various State and Federal Constitutional rights as more fully set forth herein.

54.   The State Police Defendants are sued in their individual capacities pursuant to 42 U.S.C. § 1983 ("Section 1983"), for their actions, all of which occurred under color of law and, accordingly, neither 11th Amendment immunity, nor sovereign immunity applies.

55.   Relative to the pendant state claims asserted, the State Police Defendants' acts and omissions are not subject to sovereign immunity (state legislated immunity, Tort Claims Act, N.J.S.A. 59:1-1 to 12-3, 40:48-2.49 (the TCA)) because the TCA does not apply to either Plaintiff's § 1983 claims, nor Plaintiffs' NJCRA claims.  The injunctive relief sought against these Defendants is sought in their official capacities for which they are likewise not immunized.

**<u>COUNT I</u>**
**42 U.S.C. § 1983**
**Unlawful Seizure / False Arrest**
***Plaintiffs Against Individual Defendants Davis and Doe***

56.   The preceding paragraphs are incorporated herein by reference as though fully set forth.

57.   The conduct of Defendants Davis and Doe constituted an unlawful seizure of the Plaintiffs, within the meaning of the Fourth Amendment.

58.  Said seizure was made by warrantless arrest of Bohdan and an unlawful seizure of Lisa and was unreasonable and without probable cause or reasonable suspicion, in that the facts and circumstances available to the Defendants would not warrant a prudent officer in believing that the Plaintiffs had committed or were committing a crime, which would justify their seizure and/or arrest.

59.  The Plaintiffs were subjected to this unlawful seizure and arrest in violation of the Fourth Amendment of the United States Constitution.

60.  As a result of the unlawful seizure and false arrest affected upon the Plaintiffs, the Plaintiffs suffered damages as stated herein.

61.  Defendants are personally liable for their direct involvement in the commission of the acts complained of here.

62.  The Defendants' stopping the Plaintiff's vehicle, without probable cause, without reasonable suspicion that it violated the vehicle code and then conducting a warrantless search of the vehicle and the contents of wife's purse, and then arresting, handcuffing and detaining the husband and transporting him to headquarters where he was handcuffed to a bench, without probable cause to believe that he had committed any crime, and then issuing him a pretextual 'signal-use' citation, when his breathalyzer test demonstrated that he had consumed no alcohol, demonstrates a

reckless and callous indifference to the federally protected rights of the

Plaintiffs and, Defendant Davis's conduct and her communications also

demonstrated that her conduct was intentional or impelled by evil motive

or intent, all warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiffs respectfully requests that this Honorable Court

award judgment in Plaintiffs' favor and against Defendants Davis and Doe, jointly

and severally, in an amount in excess of the One Hundred Fifty Thousand Dollar

($150,000.00) limit for arbitration in the United States District Court, District of

New Jersey, together with punitive damages, awardable legal fees and costs and any

such further relief as the Court shall deem appropriate.

## COUNT II
### 42 U.S.C. § 1983
### False Imprisonment
### *Plaintiff Bohdan Against Individual Defendants Davis And Doe*

63.   The preceding paragraphs are incorporated herein by reference as though

fully set forth.

64.   Defendants Davis and Doe either individually, or acting in concert,

subjected Plaintiff Bohdan to false imprisonment in violation of his

Constitutionally protected Fourth Amendment rights.

65.   The Defendants deliberately arrested, and thereafter deliberately further

detained, the Plaintiff in custody.

66.   Said detention was unlawful because it lacked probable cause.

67.   The facts and circumstances, which were within the knowledge of the Defendants at the time of Plaintiff's arrest, were not sufficient to warrant a man of reasonable caution to believe that Plaintiff had committed or was committing a crime for which an arrest or imprisonment was authorized under the law.

68.   As a result of being subjected to False Imprisonment, in violation of his Constitutionally protected rights under the Fourth Amendment, Plaintiff Bohdan suffered the damages alleged herein.

69.   The Defendants' stopping the Plaintiff's vehicle, without probable cause, without reasonable suspicion that it violated the vehicle code and then conducting a warrantless search of the vehicle and the contents of wife's purse, and then arresting, handcuffing and detaining the husband and transporting him to headquarters where he was handcuffed to a bench, without probable cause to believe that he had committed any crime, and then issuing him a pretextual 'signal-use' citation, when his breathalyzer test demonstrated that he had consumed no alcohol, demonstrates a reckless and callous indifference to the federally protected rights of the Plaintiffs and, Defendant Davis's conduct and her communications also demonstrated that her conduct was intentional or impelled by evil motive or intent, all warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court award judgment in Plaintiff Bohdan's favor and against Defendants Davis and Doe, jointly and severally, in an amount in excess of the One Hundred Fifty Thousand Dollar ($150,000.00) limit for arbitration in the United States District Court, District of New Jersey, together with punitive damages, awardable legal fees and costs and any such further relief as the Court shall deem appropriate.

**COUNT III**
**42 U.S.C. § 1983**
**Unlawful Search in Violation of Fourth Amendment**
***Plaintiffs Against Individual Defendants Davis and Doe***

70.   The preceding paragraphs are incorporated herein by reference as though fully set forth.

71.   Freedom from intrusion into one's vehicle and belongings is an archetype of the privacy protection secured by the Fourth Amendment.

72.   Warrantless searches are presumptively unreasonable under the Fourth Amendment.

73.   The above named Defendants, violated Plaintiffs' Fourth Amendment rights actionable under 42 U.S.C. § 1983 by causing, assisting, facilitating, aiding and abetting, and conducting a warrantless intrusion into, and search of, Plaintiffs' motor vehicle and its contents, including wife's purse, on August 10, 2020, over Plaintiffs' express objection.

74.     The above named Defendants physically restrained husband and arrested and removed him and directed wife to remove herself from their motor vehicle in order to facilitate Defendants' unlawful search of the vehicle and its contents.

75.     These acts constituted blatant violations of the Plaintiffs' rights under the Fourth Amendment and cognate provisions of New Jersey's Constitution, and directly and proximately caused the damages and losses stated herein.

76.     These acts also demonstrated a reckless or callous indifference to the federally protected rights of the Plaintiffs and constitute conduct which was intentional or otherwise impelled by evil motive or intent, thereby justifying the imposition of punitive damages, as well as compensatory damages.

**WHEREFORE,** Plaintiffs respectfully requests that this Honorable Court award judgment in Plaintiffs' favor and against Defendants Davis and Doe, jointly and severally, in an amount in excess of the One Hundred Fifty Thousand Dollar ($150,000.00) limit for arbitration in the United States District Court, District of New Jersey, together with punitive damages, awardable legal fees and costs and any such further relief as the Court shall deem appropriate.

## COUNT IV
### 42 U.S.C. § 1983
### Malicious Prosecution
### *Plaintiff Bohdan Against Individual Defendant Davis*

77.  The preceding paragraphs are incorporated herein by reference as though fully set forth.

78.  On August 10, 2020, Plaintiff Bohdan was falsely charged by Defendant Davis via Criminal Citation.

79.  The Plaintiff was charged with one count of Improper Right and Left Turns, 39:4-123.

80.  Defendant Davis, despite the passage of two (2) years, continues to delay the court proceeding in this matter, due to her knowingly unconstitutional conduct, which she would be required to testify about in order to further her unconstitutional prosecution.

81.  Defendant Davis violated the Plaintiff's Fourth Amendment rights by wrongfully initiating the prosecution of Plaintiff Bohdan for the said offense.

82.  The aforesaid criminal prosecution was designed, procured, facilitated, and promoted by Defendant Davis as a pretext, defense and unwarranted justification for the Defendants' unlawful and un-Constitutional violation of the Plaintiffs' state and federally protected Constitutional rights.

83.  The Defendant lacked probable cause to initiate the said criminal proceeding against the Plaintiff.

84.  The criminal proceeding in the case will end in Plaintiff's favor.

85.  Our Supreme Court has stated that, in enacting the Civil Rights Act:

> Congress clearly conceived that it was altering the relationship between the States and the Nation with respect to the protection of federally created rights; it was concerned that state instrumentalities could not protect those rights; it realized that state officers might, in fact, be antipathetic to the vindication of those rights; and it believed that these failings extended to the state courts…. The very purpose of § 1983 was to interpose the federal courts between the States and the people, as the guardians of the people's federal rights—to protect the people from unconstitutional action under color of state law…."

*Mitchum v. Foster*, 407 U.S. 225, 242, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972).

86.  The sole basis upon which to deny the Plaintiff relief for his claim for malicious prosecution would ordinarily be the lack of a favorable outcome to his citation, which despite his best efforts, remains pending.

87.  However, Defendant Davis has succeeded in continuing to prolong that favorable result for over two years, in an obvious effort to preclude its forming a basis for bringing a malicious prosecution claim within the two year statute for the other causes of action prosecuted here.

88.  The Defendant's refusal to permit a magistrate to determine the invalidity of the summary prosecution at issue here, as a shield to the within

malicious prosecution claim, undermines what the Third Circuit has called "one of the Civil Rights Act's *raisons d'etre*, i.e., to interpose the federal courts, as guardians of federal civil rights, between the authority of the states and the people." *Montgomery v. De Simone*, 159 F.3d 120, 125 (3d Cir. 1998) (internal citations omitted).

89. Given the foregoing, this court should interpose itself as the guardian of Plaintiff's federal right to be free from malicious prosecution by permitting the prosecution of his malicious prosecution claim under the extant circumstances.

90. The Defendants acted maliciously, as stated, or for a purpose other than bringing the Plaintiff to justice.

91. As a consequence of the criminal proceeding, the Plaintiff suffered damages for the injuries set forth herein.

92. The Defendants' stopping the Plaintiff's vehicle, without probable cause, without reasonable suspicion that it violated the vehicle code and then conducting a warrantless search of the vehicle and the contents of wife's purse, and then arresting, handcuffing and detaining the husband and transporting him to headquarters where he was handcuffed to a bench, without probable cause to believe that he had committed any crime, and then issuing him a pretextual 'signal-use' citation, when his breathalyzer

test demonstrated that he had consumed no alcohol, demonstrates a reckless and callous indifference to the federally protected rights of the Plaintiffs and, Defendant Davis's conduct and her communications also demonstrated that her conduct was intentional or impelled by evil motive or intent, all warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court award judgment in Plaintiff's favor and against Defendant Davis, in an amount in excess of the One Hundred Fifty Thousand Dollar ($150,000.00) limit for arbitration in the United States District Court, District of New Jersey, together with punitive damages, awardable legal fees and costs and any such further relief as the Court shall deem appropriate.

## COUNT V
### 42 U.S.C. § 1983
### Failure to Intervene
### *Plaintiffs Against Defendant Doe*

93.   The preceding paragraphs are incorporated herein by reference as though fully set forth at length herein.

94.   Defendant Doe should have intervened in the unConstitutional seizure, arrest, search and prosecution of the Plaintiff(s) initially effected and/or promoted by Defendant Davis.

95. Defendant Doe had a realistic and reasonable opportunity to intervene to prevent the Constitutional violations of Plaintiff(s) federally protected rights as claimed herein, but did not.

96. Officer Doe had multiple opportunities to intervene in the multi-stage events which occurred – beginning from the moment he realized, or should have realized that there was no probable cause to arrest the husband, search the Plaintiffs' car or search the wife's purse, all without warrant authority and/or consent.

97. Because these violations of the Plaintiffs' Constitutional rights were not brief, and were ongoing, and because Defendant Doe was at all pertinent times in the immediate vicinity of the Plaintiffs, Defendant Doe had a reasonable and realistic opportunity to intervene, as well as a duty to do so, but did not.

98. Said intervention could reasonably have taken the form of oral communications and/or physical intervention.

99. Defendant Doe's failure to intervene given the realistic and reasonable opportunities made available to him, substantially increased the risk of, it not induced and ratified, the violation of Plaintiff(s) Constitutional rights complained of herein.

100.  Defendant Doe's failure to intervene renders him jointly and severally liable with Defendant Davis for each and all of the harms and damages supported by Plaintiff as alleged herein, including Plaintiff's false arrest, unlawful search and seizure and false imprisonment and malicious prosecution.

101.  The Defendants' stopping the Plaintiff's vehicle, without probable cause, without reasonable suspicion that it violated the vehicle code and then conducting a warrantless search of the vehicle and the contents of wife's purse, and then arresting, handcuffing and detaining the husband and transporting him to headquarters where he was handcuffed to a bench, without probable cause to believe that he had committed any crime, and then issuing him a pretextual 'signal-use' citation, when his breathalyzer test demonstrated that he had consumed no alcohol, demonstrates a reckless and callous indifference to the federally protected rights of the Plaintiffs and, Defendant Davis's conduct and her communications also demonstrated that her conduct was intentional or impelled by evil motive or intent, all warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiffs respectfully requests that this Honorable Court award judgment in Plaintiffs' favor and against Defendants Davis and Doe, jointly and severally, in an amount in excess of the One Hundred Fifty Thousand Dollar

($150,000.00) limit for arbitration in the United States District Court, District of New Jersey, together with punitive damages, awardable legal fees and costs and any such further relief as the Court shall deem appropriate.

**COUNT VI**
**State Claim**
**Violation Of The NJCRA**
***Plaintiff Bohdan Against Individual Defendants Davis and Doe***

102. The preceding paragraphs are incorporated herein by reference as though fully set forth herein.

103. The New Jersey Civil Rights Act ("NJCRA") N.J. Stat. Ann. §10:6-2(c) provides that, "[a]ny person who has been deprived of any substantive rights, privileges, or immunities secured by the constitution or laws of this state by a person acting under the color of law, may bring a civil action for damages."

104. When it enacted the NJCRA, the New Jersey State Legislature, intended it as an analogue to 42 U.S.C. §1983, and sought to incorporate existing §1983 jurisprudence. *Perez v. Zagami*, 218 N.J. 202, 515, 93 A.3d 869 (2014); *Ramos vs. Flowers*, 429 N.J. Super. 13, 23, 56 A.3d 869 (App. Div. 2012) (stating that the NJCRA was "modeled on the federal civil rights law which provides for a civil action for deprivation of civil rights") (citation omitted).

105. The Third Circuit has, in fact, adopted its analogous application as a matter of law. "The NJCA is interpreted as analogous to §1983" *Szemple v. Corr. Med. Servs.*, 493 F. App'x. 238, 241 (3d Cir. 2012) aff'd. 747 F. Appx. 73 (3d Cir. 2018); same, *Ortiz v. New Jersey State Police*, No. 16-7976, 2017 WL 3671307, at *2 (D.N.J. Aug. 25, 2017); Accord, *Estate of Roman v. City of Newark*, 914 F.3d 784, 796 n.5 (3d Cir. 2019).

106. Accordingly, Plaintiff hereby incorporates by reference as if set forth *et extenso* here, all the preceding paragraphs, including most particularly those which set forth Plaintiff's causes of action under 42 U.S.C. § 1983 and all damages, injuries and losses associated therewith, with the exception of substituting therefore the attorney's fees any costs awardable under the NJCA and the punitive damages awardable under New Jersey's Punitive Damages Act (PDA), N.J.S.A. 2A:15-5.9, *et. seq.*; and any loss of consortium claims for both Plaintiff's which the court may find actionable under the NJCRA.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court award judgment in Plaintiff's favor and against Defendants Davis and Doe, jointly and severally, in an amount in excess of the One Hundred Fifty Thousand Dollar ($150,000.00) limit for arbitration in the United States District Court, District of

New Jersey, together with punitive damages, awardable legal fees and costs and any such further relief as the Court shall deem appropriate.

## <u>COUNT VII</u>
### State Constitutional Violations
### *Plaintiffs Against All Defendants*

107.   The preceding paragraphs are incorporated herein by reference as though fully set forth.

108.   The conduct of the Defendants, as alleged herein, was violative of the Plaintiffs' rights under the cognate provisions of the New Jersey Constitution which have either been interpreted as being co-extensive with the rights afforded to the Plaintiffs under the United States Constitution, or more extensive than those rights as interpreted by our Supreme Court.

109.   To the extent that Plaintiffs' ability to assert a private cause of action for damages under the New Jersey Constitution has not been settled by the Supreme Court of New Jersey, Plaintiffs preserve those claims.

110.   To the extent that Plaintiffs' ability to assert a claim for injunctive / equitable relief has been confirmed by all Courts of competent jurisdiction, including the New Jersey Supreme Court, Plaintiffs herewith assert that, without the grant of appropriate injunctive equitable relief by this Court, the acts of the Defendants which gave rise to this action, will continue

unabated; that monetary damages alone would not act as a sufficient deterrent to future unConstitutional conduct by these Defendants and each of them; and that the likelihood of the Plaintiffs, and others similarly situated, being subjected to future Constitutional deprivations by these Defendants, or one or more of them, is real and not imagined, and even likely.

111.   Accordingly, Plaintiffs hereby claim not only the right to damages as alleged herein but also, equitable relief sufficient to prevent the Constitutional violations asserted here from recurring, and that such equitable relief be awarded in whatever form the Court deems right and just so to do.

112.   The Defendants' stopping the Plaintiff's vehicle, without probable cause, without reasonable suspicion that it violated the vehicle code and then conducting a warrantless search of the vehicle and the contents of wife's purse, and then arresting, handcuffing and detaining the husband and transporting him to headquarters where he was handcuffed to a bench, without probable cause to believe that he had committed any crime, and then issuing him a pretextual 'signal-use' citation, when his breathalyzer test demonstrated that he had consumed no alcohol, demonstrates a reckless and callous indifference to the federally protected rights of the

Plaintiffs and, Defendant Davis's conduct and her communications also demonstrated that her conduct was intentional or impelled by evil motive or intent, all warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiffs respectfully request that this Honorable Court award judgment in Plaintiffs' favor and against Defendants Davis and Doe, jointly and severally, in an amount in excess of the One Hundred Fifty Thousand Dollar ($150,000.00) limit for arbitration in the United States District Court, District of New Jersey, together with punitive damages, awardable legal fees and costs and any such further relief as the Court shall deem appropriate.

## OTHER

113. Plaintiff respectfully requests a jury trial.

114. The within case is not subject to arbitration.

115. Where permitted, the Plaintiff demands reasonable legal fees, costs, interest, expenses, delay damages, compensatory damages, punitive damages and any other damages deemed appropriate by the Court.

116. Plaintiff requests that this Honorable Court issue declaratory and injunctive relief, as appropriate, declaring the within described practices to be unlawful, and enjoining their present and continued effects.

117. The conduct of each Defendant was willful, wanton, deliberate, intentional and calculated to bring about the very Constitutional harms which were

visited upon Plaintiff and constitute reprehensible and outrageous acts not to be tolerated in a civilized society, warranting the imposition of punitive as well as compensatory damages.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court for each Count alleged:

a. Award compensatory damages to Plaintiff against the Defendants, jointly and severally, in an amount in excess of $150,000.00 per Count exclusive of interest and costs;

b. Award punitive damages to Plaintiff against the individual Defendants in their individual capacities, jointly and severally, in an amount in excess of $150,000.00 per Count exclusive of interest and costs;

c. Award reasonable attorney's fees and costs to the Plaintiff, as may be awardable pursuant to 42 U.S.C. Section 1988, the Civil Rights Attorney's Fees Award Act of 1976, or any other applicable provisions and/or the NJCRA, as applicable;

d. Enter an Order enjoining Defendants from engaging in the future in the conduct identified in the Complaint as violative of 42 U.S.C. §§ 1983, the 4th and 14th Amendments of the Constitution of the United States, the cognate provisions of the New Jersey Constitution the NJCRA; and further affirmatively requiring the Defendants to engage in appropriate

remedial efforts to adopt, and enforce, policies that are calculated and intended to preclude the conduct alleged to have been engaged in by the Defendants named herein; and

e.  Award such other and further relief, as this Court may deem appropriate.

Respectfully Submitted,

Dated:  August 9, 2022                    By:  _____

P. Joseph Nicola, Esquire
N.J. Attorney I.D. # 02531980
1420 Locust Street, Suite 140
Philadelphia, PA 19102
(856) 229-2454
jnicola@nicolalaw.com
Attorney for Plaintiff