Exhibit "M"

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## VICINAGE OF CAMDEN

| | | |
|---|---|---|
| **BOHDAN J. ZELECHIWSKY** | : | |
| **and** | : | |
| **LISA A. ZELECHIWSKY,** | : | |
| | : | **CIVIL ACTION** |
| **Plaintiffs,** | : | |
| | : | **No. 22-cv-04994-CPO-AMD** |
| **vs.** | : | |
| | : | |
| **TROOPER ASHLEY DAVIS** | : | |
| **and** | : | |
| **TROOPER JOHN DOE,** | : | |
| | : | |
| **Defendants.** | : | |

## PLAINTIFF BOHDAN ZELECHIWSKY'S ANSWER TO DEFENDANTS' FIRST SET OF INTERROGATORIES

NOW COMES, the Plaintiff, Bohdan J. Zelechiwsky, by and through his legal counsel, P. Joseph Nicola, Esquire, and Joshua E. Karoly, Esquire, and hereby responds to the Defendants' First Set of Interrogatories as follows:

## GENERAL OBJECTIONS

1.    Plaintiff objects to Defendants' Interrogatories to the extent that they call for confidential and/or propriety information.

2.    Plaintiff objects to Defendants' Interrogatories to the extent that they call for information regarding matters not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.

3.    Plaintiff objects to Defendants' Interrogatories to the extent that they are

overly broad, unduly and unreasonably burdensome and oppressive.

4.    Plaintiff objects to Defendants' Interrogatories to the extent that they call for information already known to Defendants or information available to Defendants from sources that are equally accessible to Plaintiff and the Defendants.

5.    Plaintiff objects to Defendants' Interrogatories to the extent that they are so vague and ambiguous that they are not subject to reasonable interpretation.

6.    Plaintiff objects to Defendants' Interrogatories to the extent that they do not comply with the requirements specified in the Federal Rules of Civil Procedure and/or local rules.

The general objections asserted above shall be deemed applicable to and continuing with respect to each of the Defendants' Interrogatories. The general objections asserted above are incorporated into each of the Plaintiff's responses set forth herein. Such objections are not waived, nor in any manner limited, by any response to a specific Interrogatory. Plaintiff reserves the right to amend, supplement or alter his responses to the Defendants' Interrogatories at any time.

## **<u>INTERROGATORIES</u>**

1.    Identify all eyewitnesses to the motor vehicle stop on August 10, 2020, beginning at the time of the stop at Milepost 24 on State Highway 55, in Millville City, Cumberland County, New Jersey up until the time the investigation was concluded and you were issued a Summons for Improper Right and Left Turns, in violation of <u>N.J.S.A</u>. 39:4-123. Provide names, addresses and phone numbers for all persons identified.

**ANSWER:**   (i)   **Plaintiffs**
**Known to Defendants**

(ii)   **Defendant Trooper Davis**
**Known to Defendants**

(iii)   **Trooper Gallagher**
**Known to Defendants**

(iv)   **Unknown individuals at the State Trooper Barracks**

2.  Identify (including name, address, and telephone numbers) all persons having knowledge of facts or information relating to the allegations and/or issues in this case and/or damages allegedly suffered by the Plaintiff and for each, describe specifically the knowledge and/or information which each such person possesses and whether the source of the information is personal knowledge or hearsay.

**ANSWER:**   (i)   **James and Maureen Heidecker**
**5664 Covenant Court**
**Allentown, PA 18106**
**(610) 821-8682**

**Personal and Hearsay. Fact witnesses regarding Plaintiffs' actions on the date of the incident, and the impact the incident has had on Plaintiffs.**

(ii)   **Plaintiffs**
(iii)   **Defendants**
(iv)   **Unknown individuals located at the State Police Barracks**
(v)   **Other close friends or family Plaintiffs have discussed this incident with**
(vi)   **Expert(s) that will be disclosed pursuant to the Federal Rules of Civil procedure or Order of Court**

3.  Identify every document upon which you base, or which relates in any way, to the allegations contained in the Complaint.

**ANSWER:**   **All documents regarding this incident were thus far generated by Defendants and are in their control. Documents regarding damages**

**will be identified and testified to through experts, or will be provided for demonstrative purposes after their creation but before trial.**

4.  If you claim that any of the defendants made any admissions as to the subject matter of the Complaint, identify all admissions with regard to the issues in this case that have been made by any party hereto. Set forth the exact words, if known, and if not known, the substance of each such admission, the name and address of the person making the admission, the names and addresses of all persons present when the admission was made, the place where and the time when the admission was made. If the admission was reduced to writing, attach an exact copy hereto.

    **ANSWER:**    **"[A]any admission as to the subject matter of the Complaint" is objected to as unduly broad and vague but, Plaintiffs nonetheless state Trooper Davis advised Plaintiff that he was free to go as he did not have any alcohol reading on the Breathalyzer. State Police Barracks. Other Troopers in the vicinity and their identities are unknown.**

5.  If you made any statements regarding the incident that is the subject of this lawsuit, identify to whom the statement was made, the date of the statement, and all persons present when the statements were made. If the statement was reduced to writing, attach an exact copy hereto.

    **ANSWER:**    **Oral discussions were had with Attorney James Heidecker. Unknow exact dates.**

6.  Prior to the motor vehicle stop by **Trooper Ashley Davis**, were you swerving? Once Trooper Davis pulled you over and she approached your vehicle, did she inform you that the reason she stopped you was for failure to maintain your lane and that you failed to use your signal when you were passing through the lanes? If yes, what did you say to Trooper Davis in response?

    **ANSWER:**    **Prior to the stop I was not swerving. Trooper Davis asked for my driver's license and registration. She also asked for the driver's license of the passenger. She did advise me of the alleged violations, but they were not true. I was also exonerated in a court of law regarding the alleged violations. I did not want to appear confrontational in anyway and remained silent when she stated the fabricated allegations.**

7.  If you were employed at the time of the incident state:

  (a)  name and address of your employer;

   **ANSWER:  self-employed**
   **527 Hamilton Street, Allentown, PA 18101.**

  (b)  position or job title held and nature of work performed;

   **ANSWER:   Attorney engaged in the practice of law.**

  (c)  weekly wages earned;

   **ANSWER:   approximately $3,000 a week.**

  (d)  dates of lost time from employment, if applicable; and

   **ANSWER:   I did not return to work for approximately 2 weeks, after the incident. Periodic times I would need personal days to deal with psychological impact and the anxiety of my wrongful arrest.**

  (e)  amount of lost wages, if any.

   **ANSWER:   To be calculated by an expert and provided in accordance with court imposed deadline for same.**

8.  If you claim any other loss of income, profit or earnings, state:

   **ANSWER:   This will be provided by an expert in a report provided to you at the time mandated by the Court for such expert disclosures.**

  (a)  the total amount of the loss,

   **ANSWER:  See above.**

  (b)  the computation of such loss in complete detail,

   **ANSWER:  See above.**

(c)    the nature and source of loss of such income, profit and earnings and dates of deprivation thereof.

**ANSWER:  See above.**

9.  If at any time after the events complained of, you have returned to employment or occupation, state:

(a)    name and address of each employer;

**ANSWER:  See answer to Interrogatory #7 above.**

(b)    position held and the nature of work performed;

**ANSWER:  See answer to Interrogatory #7 above.**

(c)    all dates of such employment or occupation up to the present;

**ANSWER:  I have returned to work after the incident and remained employed with intermittent wage loss for days missed.**

(d)    each week's wage, earnings, income and profit.

**ANSWER:  To be provided by an expert at the appropriate time.**

10. Set forth in specific factual detail what actions **Trooper Ashley Davis** took against you that constitute violations of the United States Constitution, New Jersey State Constitution and The New Jersey Civil Rights Act as described in the Complaint.

**ANSWER:    Objection. Calls for a legal conclusion to which no response is required. See detailed Complaint.**

11. Did **Trooper Ashley Davis**, or **Trooper John Doe** named in the Complaint: (a) punch you; (b) slap you; (c) hit you; (d) push and/or shove you; (e) kick you, (f) pin you to the ground; (g) apply handcuffs too tightly; or otherwise (h) make any other unwarranted physical contact to your body on August 10, 2020 at any time during this incident.

**ANSWER:** **No to (a) through (g). Yes to (h), as there was no basis for any physical contact with me, as described in the Complaint so all such contact was unwarranted, unnecessary and, by definition, unreasonable and excessive under the Fourth Amendment.**

12. If your answer to Interrogatory No. 11 is yes, please identify by name which Defendant New Jersey State Trooper took this action and what action each Defendant State Trooper took against you that caused you pain/injury.

**ANSWER:** **Trooper Davis. See answer to Interrogatory #11 above and the damages enumerated in he Complaint.**

13. Did you experience physical injuries on August 10, 2020 as a result of Defendants' alleged conduct? If yes, please provide for each injury:

**ANSWER:** **No, emotional, psychological and reputational injuries sustained.**

(a)    a detailed description of each injury;

**ANSWER:  N/A**

(b)    names and addresses of doctors who treated or examined you for these injuries;

**ANSWER:  N/A**

(c)    dates on which treatment was rendered;

**ANSWER:  N/A**

(d)    names and addresses of any hospital where you were treated or examined for these injuries;

**ANSWER:  N/A**

(e)    dates on which you were hospitalized and/or treatment was rendered.

**ANSWER:  N/A**

14. Provide a detailed description of each injury claimed to be permanent and all present complaints concerning each injury.

     **ANSWER:** **As stated hereinbefore, the Plaintiff suffered financial, emotional, psychological and reputational injuries which, to the extent necessary and proper, will be summarized in one or more expert reposts, provided in accordance with the appropriate Court Order requiring the exchange of same. It is expected that, due to the existing passage of time, these injuries and damages will continue into the indeterminate future.**

15. If any therapy, treatments, operations, surgery, or other form of medical intervention in the future has been recommended, suggested or advised to cure, correct, remedy to alleviate any injury or condition resulting from the events of which you complain, state in detail:

     **ANSWER: See answer to Interrogatory #14 above.**

     (a)    the nature and extent of such treatment, operation or surgery; the purpose thereon and the results anticipated or expected;

         **ANSWER: N/A**

     (b)    the name and address of the doctor who recommended, suggested or advised the treatments, operation or surgery;

         **ANSWER: N/A**

     (c)    the name and address of the doctor who will administer or perform same;

         **ANSWER: N/A**

     (d)    the estimated medical expenses and disbursements to be incurred thereby;

         **ANSWER: N/A**

(e)    the estimated length of time and treatments, operation or surgery, period of hospitalization and period of convalescence; all other losses or expenditures anticipated as a result of such treatments, operation or surgery;

**ANSWER: N/A**

(f)    whether it is your intention to undergo such treatments, operation or surgery and the approximate date.

**ANSWER: It is my intention to follow the professional advice I receive.**

16. Identify all medical service providers, including providers of mental health services, if not previously indicated, with whom you have treated for the past ten (10) years, including:

**ANSWER: None not currently protected from disclosure.**

(a)    The full name, title and address of each such service provider;

**ANSWER: N/A**

(b)    a full description of the services you received;

**ANSWER: N/A**

(c)    the dates of all such services;

**ANSWER: N/A**

(d)    the complete cost of services received; and

**ANSWER: N/A**

(e)    any insurance policies providing coverage for the services you received.

**ANSWER: N/A**

17. List all activities that you can no longer perform as a result of the injuries sustained on August 10, 2020, as a result of this incident?

   **ANSWER:  There are no physical injuries that restrict me. However, the psychological, emotional and reputational injuries impact me often and in various ways and in diverse situations, which, in time, have adversely affected all forms of socialization, including my marital relationship.**

18. If you are alleging emotional distress as result of the incident that is subject of this lawsuit, please describe the nature of the emotional distress, and provide:

   **ANSWER: An expert report will be produced in accordance with the Federal Rules of Civil Procedure or Court Order.**

   (a)    the name and addresses of all doctors who treated you for emotional distress;

   **ANSWER:  N/A**

   (b)    state whether the emotional distress affects you emotionally, physically or mentally; and

   **ANSWER:  N/A**

   (c)    provide any documents which support this claim.

   **ANSWER:  N/A**

19. Do you claim that you suffered damages by Defendants' alleged conduct? If yes, please:

   **ANSWER: See Plaintiffs' Complaint as well as the response to this repetitive question.**

   (a)   list and describe any and all damages you allege you sustained, including but not limited to economic and non-economic losses such as lost wages and benefits, medical expenses, etc.;

10

**ANSWER:   N/A**

(b)   provide an estimate of the dollar value of all such damages;

**ANSWER:   N/A**

(c)   provide the basis for each estimate of dollar value for all damages;

**ANSWER:   N/A**

(d)   Identify each hospital, medical facility or other facility and each medical doctor, medical professional or other person involved with any examination, treatment or other medical or psychological care you received relating to the events of which you complain. For each such institution and/or person provide the dates between which you were consulted and/or have had treatment provided. Include treatment prescribed by each health care provider, including but not limited to medications, therapies, etc.

**ANSWER:   N/A**

(e)   please attach true copies of any and all documentation, including but not limited to health care treatment records, unemployment compensation, public assistance records, Social Security disability for the five (5) years prior to August 10, 2020 and each year since August 10, 2020, that you possess which relates to your answers to subparts (a) through (c); If you are aware of but do not possess such documentation, please provide a description of all such documentation including the name of the author, date it was made, person who received such documentation, description of the contents of the documentation, location of the documentation, and name, address and telephone number of the person or persons who currently possess the documentation.

**ANSWER:   N/A**

(f)   please provide true copies of your state and federal income tax returns, with all attachments, for the five (5) years prior to August 10, 2020, and each year since August 10, 2020, as well as all W-2s, 1099's or other such documents, issued to you by any and all employers.

**ANSWER:**    N/A

20. State the specific factual basis for your claim that the motor vehicle stop of Plaintiff by **Trooper Davis** was pre-textual and unjustified, as described in Paragraph 42 of the Complaint. Describe the specific action Trooper Ashley Davis took that supports your contention.

**ANSWER:** **In additional to the averments in the subject Complaint, I would include, inter alia, the following. The vehicle was not being driven improperly. She required me to exit the vehicle immediately without cause and perform field sobriety tests for no reason. That evening it appears that there was some sort of police blitz because there appeared to be a number of vehicles stopped by State troopers and State Police Vehicles on the roadway. The vehicle I was driving had out of state plates, a likely target because of the inconvenience associated with attempting to protect and/or defend the improper activity she was engaged in. Trooper Davis had no probable cause to believe that I had violated the law or was intoxicated, and no cause whatsoever to remove me from my vehicle, search my vehicle, and make me perform FSTs. All her questions were answered politely, the documentation she requested was provided, and it was obvious that we were returning from our beach home to our home in Pennsylvania. Trooper Davis approached the vehicle without wearing a facemask, the stop occurred during the Covid Pandemic where everyone was mandated to wear a facemask. No one in the vehicle was impaired whatsoever, her conduct served no legal or valid purpose. There was no probable cause to arrest me, put me in handcuffs to search our vehicle, or transport me to the State Police Barracks where I was kept painfully handcuffed to a chair against my will and without cause. Trooper Davis simply arrested me because as a 70 year old, I was not able to stand on one foot on the uneven shoulder of a busy highway in the middle of the night, while nervous and being humiliated in front of my wife. It seemed to me she didn't care if I was intoxicated, she simply wanted to harm me by the arrest, and humiliation.**

21. State the specific factual basis for your claim that Defendant **Trooper Davis** lacked probable cause to detain, falsely arrest Plaintiff, and search Plaintiff's vehicle, in violation of the United States Constitution, New Jersey law, and the New Jersey Civil Rights Act, as described in Count Two, Paragraph 66, Count Six, Paragraph 106, and Count Seven, Paragraph 112 of the Complaint.

   **ANSWER:** **Objection. This calls for a legal conclusion to which no response is required. Should a response be required, see Complaint and the Constitution and laws referenced. Put succinctly, there was no lawful basis for the traffic stop, no lawful basis to remove me from the vehicle, no lawful basis to arrest and transport me, and no lawful basis to search my vehicle or possessions. The burden is on law enforcement to show their actions conformed with the Constitution and the law, and Trooper Davis clearly cannot carry that burden.**

22. Did you consume any alcoholic beverages at any time on August 10, 2020? If yes, state:

   **ANSWER: No.**

   (a)  the specific type alcoholic beverage consumed (wine, beer, spirits; if spirits, specify rum, whiskey, vodka, etc.);

      **ANSWER:  N/A**

   (b)  the number of alcoholic drinks consumed, and,

      **ANSWER:  N/A**

   (c)  the approximate time each alcoholic beverage was consumed.

      **ANSWER:  N/A**

23. List any and all drugs/and or medications (including prescription and non-prescription) taken by you on August 10, 2020.

   (a)  the specific drug/medication consumed;

**ANSWER:   Levothyroxin tablet.**

(b)     state what the drug/medication is taken for the dosage of the drug/medication consumed; and,

**ANSWER:  Thyroid.**

(c)     the approximate time each drug/medication was consumed.

**ANSWER:   150 mcg.**

24.   State the specific acts Defendant Trooper Davis took to delay the court proceeding in this matter, as alleged in Count Four, Paragraph 80 of the Complaint.

**ANSWER:  Seeking many continuances and her non-appearances at scheduled Court events.**

25.  State the disposition of the traffic summons 061 0-E20-001331 for Improper Right and Left Turns, in violation of N.J.S.A. 39:4-123 that Plaintiff received on August 10, 2020 e.g., pleaded guilty, pleaded to lesser included offenses, paid the fine, pleaded not guilty, etc.); include the date of final disposition and attach all documents related to the disposition issued by the court.

**ANSWER:  The charge was dismissed by the Court. I do not have any documents related to the disposition issued by the Court. Trooper Davis should be in possession of the documents and, so should the Court.**

Respectfully Submitted,

Dated:                          By: _____
                                     P. Joseph Nicola, Esquire
                                     N.J. Attorney I.D. # 02531980
                                     1420 Locust Street, Suite 140
                                     Philadelphia, PA 19102
                                     (856) 229-2454
                                     jnicola@nicolalaw.com
                                     Attorney for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
VICINAGE OF CAMDEN

BOHDAN J. ZELECHIWSKY        :
       and            :
LISA A. ZELECHIWSKY,         :
                               :    **CIVIL ACTION**
          Plaintiffs,    :
                               : **No. 22-cv-04994-CPO-AMD**
  vs.                       :
                               :
TROOPER ASHLEY DAVIS         :
       and            :
TROOPER JOHN DOE,            :
                               :
         Defendants.    :

## CERTIFICATE OF SERVICE

I, P. Joseph Nicola, Esquire, do hereby certify that I did serve a true and correct copy of the attached Plaintiff Bohdan Zelechiwsky's Answer to Defendants' First Set of Interrogatories to Each Named Plaintiff upon the following individual in the manner and at the addresses indicated below:

**Via Email & First Class U.S. Mail**
Daniel S. Shehata, Esquire
Azeem M. Chaudry, Esquire
R.J. Hughes Justice Complex
Richard J. Hughes Justice Complex
25 Market Street, P.O. Box 112
Trenton, NJ 08625-0112
Daniel.Shehata@law.njoag.gov
Azeem.Chaudry@law.njoag.gov

Sincerely,

Dated:                                      By: _____
                                            P. Joseph Nicola, Esquire
                                            N.J. Attorney I.D. # 02531980
                                            1420 Locust Street, Suite 140
                                            Philadelphia, PA 19102
                                            (856) 229-2454
                                            jnicola@nicolalaw.com
                                            Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**VICINAGE OF CAMDEN**

| | | |
|---|---|---|
| **BOHDAN J. ZELECHIWSKY** | : | |
| and | : | |
| **LISA A. ZELECHIWSKY,** | : | |
| | : | **CIVIL ACTION** |
| Plaintiffs, | : | |
| | : | No. 22-cv-04994-CPO-AMD |
| vs. | : | |
| | : | |
| **TROOPER ASHLEY DAVIS** | : | |
| and | : | |
| **TROOPER JOHN DOE,** | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFF LISA ZELECHIWSKY'S ANSWER TO**
**DEFENDANTS' FIRST SET OF INTERROGATORIES**

NOW COMES, the Plaintiff, Lisa Zelechiwsky, by and through his legal counsel, P. Joseph Nicola, Esquire, and Joshua E. Karoly, Esquire, and hereby responds to the Defendants' First Set of Interrogatories as follows:

**GENERAL OBJECTIONS**

1.  Plaintiff objects to Defendants' Interrogatories to the extent that they call for confidential and/or propriety information.

2.  Plaintiff objects to Defendants' Interrogatories to the extent that they call for information regarding matters not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.

3.  Plaintiff objects to Defendants' Interrogatories to the extent that they are

1

overly broad, unduly and unreasonably burdensome and oppressive.

4.   Plaintiff objects to Defendants' Interrogatories to the extent that they call for information already known to Defendants or information available to Defendants from sources that are equally accessible to Plaintiff and the Defendants.

5.   Plaintiff objects to Defendants' Interrogatories to the extent that they are so vague and ambiguous that they are not subject to reasonable interpretation.

6.   Plaintiff objects to Defendants' Interrogatories to the extent that they do not comply with the requirements specified in the Federal Rules of Civil Procedure and/or local rules.

The general objections asserted above shall be deemed applicable to and continuing with respect to each of the Defendants' Interrogatories. The general objections asserted above are incorporated into each of the Plaintiff's responses set forth herein. Such objections are not waived, nor in any manner limited, by any response to a specific Interrogatory. Plaintiff reserves the right to amend, supplement or alter his responses to the Defendants' Interrogatories at any time.

## INTERROGATORIES

1.   Identify all eyewitnesses to the motor vehicle stop on August 10, 2020, beginning at the time of the stop at Milepost 24 on State Highway 55, in Millville City, Cumberland County, New Jersey up until the time the investigation was concluded and you were issued a Summons for Improper Right and Left Turns, in violation of N.J.S.A. 39:4-123. Provide names, addresses and phone numbers for all persons identified.

**ANSWER:**  (i)  **Plaintiffs**
**Known to Defendants**

(ii)  **Defendant Trooper Davis**
**Known to Defendants**

(iii)  **Trooper Gallagher**
**Known to Defendants**

(iv)  **Unknown individuals at the State Trooper Barracks**

2.  Identify (including name, address, and telephone numbers) all persons having knowledge of facts or information relating to the allegations and/or issues in this case and/or damages allegedly suffered by the Plaintiff and for each, describe specifically the knowledge and/or information which each such person possesses and whether the source of the information is personal knowledge or hearsay.

**ANSWER:**  (i)  **James and Maureen Heidecker**
**5664 Covenant Court**
**Allentown, PA 18106**
**(610) 821-8682**

**Personal and Hearsay. Fact witnesses regarding Plaintiffs' actions on the date of the incident, and the impact the incident has had on Plaintiffs.**

(ii)  **Plaintiffs**
(iii)  **Defendants**
(iv)  **Unknown individuals located at the State Police Barracks**
(v)  **Other close friends or family Plaintiffs have discussed this incident with**
(vi)  **Expert(s) that will be disclosed pursuant to the Federal Rules of Civil procedure or Order of Court**

3.  Identify every document upon which you base, or which relates in any way, to the allegations contained in the Complaint.

**ANSWER:**  **All documents regarding this incident were thus far generated by Defendants and are in their control. Documents regarding damages**

3

**will be identified and testified to through experts, or will be provided for demonstrative purposes after their creation but before trial.**

4. If you claim that any of the defendants made any admissions as to the subject matter of the Complaint, identify all admissions with regard to the issues in this case that have been made by any party hereto. Set forth the exact words, if known, and if not known, the substance of each such admission, the name and address of the person making the admission, the names and addresses of all persons present when the admission was made, the place where and the time when the admission was made. If the admission was reduced to writing, attach an exact copy hereto.

     **ANSWER:**     **"[A]any admission as to the subject matter of the Complaint" is objected to as unduly broad and vague but, Plaintiffs nonetheless state Trooper Davis advised Plaintiff that he was free to go as he did not have any alcohol reading on the Breathalyzer. State Police Barracks. Other Troopers in the vicinity and their identities are unknown. This was told to me by my husband.**

5. If you made any statements regarding the incident that is the subject of this lawsuit, identify to whom the statement was made, the date of the statement, and all persons present when the statements were made. If the statement was reduced to writing, attach an exact copy hereto.

     **ANSWER:**     **Oral discussions were had with a few friends about the traumatic incident.**

6. Prior to the motor vehicle stop by **Trooper Ashley Davis**, were you swerving? Once Trooper Davis pulled you over and she approached your vehicle, did she inform you that the reason she stopped you was for failure to maintain your lane and that you failed to use your signal when you were passing through the lanes? If yes, what did you say to Trooper Davis in response?

     **ANSWER:**     **Prior to the stop Bohdan was not swerving. Trooper Davis asked for Bohdan's driver's license and registration. She also asked for my driver's license. She did advise us of the alleged violations, but they were not true. Bohdan was also exonerated in a court of law regarding the alleged violations. We did not want to appear confrontational in anyway and remained silent when she stated the fabricated allegations.**

4

7. If you were employed at the time of the incident state:

  (a)  name and address of your employer;

       **ANSWER:  self-employed, Society of Little Learners
       440 Front Street, Hellertown, PA 18055**

  (b)  position or job title held and nature of work performed;

       **ANSWER:  Owner. Child care provider.**

  (c)  weekly wages earned;

       **ANSWER:  N/A.**

  (d)  dates of lost time from employment, if applicable; and

       **ANSWER:  N/A.**

  (e)  amount of lost wages, if any.

       **ANSWER:  To be calculated by an expert and provided in
       accordance with court imposed deadline for same.**

8. If you claim any other loss of income, profit or earnings, state:

   **ANSWER:    This will be provided by an expert in a report provided to you
   at the time mandated by the Court for such expert disclosures.**

  (a)  the total amount of the loss,

       **ANSWER:  See above.**

  (b)  the computation of such loss in complete detail,

       **ANSWER:  See above.**

  (c)  the nature and source of loss of such income, profit and earnings and
       dates of deprivation thereof.

**ANSWER:  See above.**

9.  If at any time after the events complained of, you have returned to employment or occupation, state:

    (a)    name and address of each employer;

        **ANSWER:  See answer to Interrogatory #7 above.**

    (b)    position held and the nature of work performed;

        **ANSWER:  See answer to Interrogatory #7 above.**

    (c)    all dates of such employment or occupation up to the present;

        **ANSWER:  See answer to Interrogatory #7 above.**

    (d)    each week's wage, earnings, income and profit.

        **ANSWER:  To be provided by an expert at the appropriate time.**

10. Set forth in specific factual detail what actions **Trooper Ashley Davis** took against you that constitute violations of the United States Constitution, New Jersey State Constitution and The New Jersey Civil Rights Act as described in the Complaint.

    **ANSWER:**    **Objection. Calls for a legal conclusion to which no response is required. See detailed Complaint.**

11. Did **Trooper Ashley Davis,** or **Trooper John Doe** named in the Complaint: (a) punch you; (b) slap you; (c) hit you; (d) push and/or shove you; (e) kick you, (f) pin you to the ground; (g) apply handcuffs too tightly; or otherwise (h) make any other unwarranted physical contact to your body on August 10, 2020 at any time during this incident.

    **ANSWER:**    **No.**

12. If your answer to Interrogatory No. 11 is yes, please identify by name which Defendant New Jersey State Trooper took this action and what action each Defendant State Trooper took against you that caused you pain/injury.

    **ANSWER:    N/A.**

13. Did you experience physical injuries on August 10, 2020 as a result of Defendants' alleged conduct? If yes, please provide for each injury:

    **ANSWER:    No, emotional and psychological injuries sustained.**

    (a)    a detailed description of each injury;

        **ANSWER:  N/A**

    (b)    names and addresses of doctors who treated or examined you for these injuries;

        **ANSWER:  N/A**

    (c)    dates on which treatment was rendered;

        **ANSWER:  N/A**

    (d)    names and addresses of any hospital where you were treated or examined for these injuries;

        **ANSWER:  N/A**

    (e)    dates on which you were hospitalized and/or treatment was rendered.

        **ANSWER:  N/A**

14. Provide a detailed description of each injury claimed to be permanent and all present complaints concerning each injury.

    **ANSWER:    As stated hereinbefore, the Plaintiff suffered financial, emotional and psychological injuries which, to the extent necessary and proper, will be summarized in one or more expert reposts, provided in accordance with the appropriate**

**Court Order requiring the exchange of same. It is expected that, due to the existing passage of time, these injuries and damages will continue into the indeterminate future.**

15. If any therapy, treatments, operations, surgery, or other form of medical intervention in the future has been recommended, suggested or advised to cure, correct, remedy to alleviate any injury or condition resulting from the events of which you complain, state in detail:

**ANSWER: See answer to Interrogatory #14 above.**

(a)    the nature and extent of such treatment, operation or surgery; the purpose thereon and the results anticipated or expected;

**ANSWER: N/A**

(b)    the name and address of the doctor who recommended, suggested or advised the treatments, operation or surgery;

**ANSWER: N/A**

(c)    the name and address of the doctor who will administer or perform same;

**ANSWER: N/A**

(d)    the estimated medical expenses and disbursements to be incurred thereby;

**ANSWER: N/A**

(e)    the estimated length of time and treatments, operation or surgery, period of hospitalization and period of convalescence; all other losses or expenditures anticipated as a result of such treatments, operation or surgery;

**ANSWER: N/A**

(f)    whether it is your intention to undergo such treatments, operation or surgery and the approximate date.

**ANSWER:  It is my intention to follow the professional advice I receive.**

16. Identify all medical service providers, including providers of mental health services, if not previously indicated, with whom you have treated for the past ten (10) years, including:

**ANSWER:  None not currently protected from disclosure.**

(a)    The full name, title and address of each such service provider;

**ANSWER:  N/A**

(b)    a full description of the services you received;

**ANSWER:  N/A**

(c)    the dates of all such services;

**ANSWER:  N/A**

(d)    the complete cost of services received; and

**ANSWER:  N/A**

(e)    any insurance policies providing coverage for the services you received.

**ANSWER:  N/A**

17. List all activities that you can no longer perform as a result of the injuries sustained on August 10, 2020, as a result of this incident?

**ANSWER:  There are no physical injuries that restrict me. However, the psychological and emotional injuries impact me in various ways and in diverse situations, which, in time, have adversely affected all forms of socialization, including my marital relationship.**

9

18. If you are alleging emotional distress as result of the incident that is subject of this lawsuit, please describe the nature of the emotional distress, and provide:

   **ANSWER: An expert report will be produced in accordance with the Federal Rules of Civil Procedure or Court Order.**

   (a)  the name and addresses of all doctors who treated you for emotional distress;

   **ANSWER:  N/A**

   (b)  state whether the emotional distress affects you emotionally, physically or mentally; and

   **ANSWER:  N/A**

   (c)  provide any documents which support this claim.

   **ANSWER:  N/A**

19. Do you claim that you suffered damages by Defendants' alleged conduct? If yes, please:

   **ANSWER: See Plaintiffs' Complaint as well as the response to this repetitive question.**

   (a)  list and describe any and all damages you allege you sustained, including but not limited to economic and non-economic losses such as lost wages and benefits, medical expenses, etc.;

   **ANSWER:   N/A**

   (b)  provide an estimate of the dollar value of all such damages;

   **ANSWER:   N/A**

(c)   provide the basis for each estimate of dollar value for all damages;

**ANSWER:   N/A**

(d)   Identify each hospital, medical facility or other facility and each medical doctor, medical professional or other person involved with any examination, treatment or other medical or psychological care you received relating to the events of which you complain. For each such institution and/or person provide the dates between which you were consulted and/or have had treatment provided. Include treatment prescribed by each health care provider, including but not limited to medications, therapies, etc.

**ANSWER:   N/A**

(e)   please attach true copies of any and all documentation, including but not limited to health care treatment records, unemployment compensation, public assistance records, Social Security disability for the five (5) years prior to August 10, 2020 and each year since August 10, 2020, that you possess which relates to your answers to subparts (a) through (c); If you are aware of but do not possess such documentation, please provide a description of all such documentation including the name of the author, date it was made, person who received such documentation, description of the contents of the documentation, location of the documentation, and name, address and telephone number of the person or persons who currently possess the documentation.

**ANSWER:   N/A**

(f)   please provide true copies of your state and federal income tax returns, with all attachments, for the five (5) years prior to August 10, 2020, and each year since August 10, 2020, as well as all W-2s, 1099's or other such documents, issued to you by any and all employers.

**ANSWER:   N/A**

20.  State the specific factual basis for your claim that the motor vehicle stop of Plaintiff by **Trooper Davis** was pre-textual and unjustified, as described in Paragraph 42 of the Complaint. Describe the specific action Trooper Ashley Davis took that supports your contention.

11

**ANSWER:** **In additional to the averments in the subject Complaint, I would include, inter alia, the following. The vehicle was not being driven improperly. She required Bohdan to exit the vehicle immediately without cause and perform field sobriety tests for no reason. That evening it appears that there was some sort of police blitz because there appeared to be a number of vehicles stopped by State troopers and State Police Vehicles on the roadway. The vehicle Bohdan was driving had out of state plates, a likely target because of the inconvenience associated with attempting to protect and/or defend the improper activity she was engaged in. Trooper Davis had no probable cause to believe that Bohdan had violated the law or was intoxicated, and no cause whatsoever to remove him or me from the vehicle, search the vehicle, and make Bohdan perform FSTs. All her questions were answered politely that I could hear, the documentation she requested was provided, and it was obvious that we were returning from our beach home to our home in Pennsylvania. Trooper Davis approached the vehicle without wearing a facemask, the stop occurred during the Covid Pandemic where everyone was mandated to wear a facemask. No one in the vehicle was impaired whatsoever, her conduct served no legal or valid purpose. There was no probable cause to arrest Bohdan, put Bohdan in handcuffs to search our vehicle, or transport Bohdan to the State Police Barracks where he was kept painfully handcuffed to a chair against his will and without cause. Trooper Davis simply arrested Bohdan because as a 70 year old, he was not able to stand on one foot on the uneven shoulder of a busy highway in the middle of the night, while nervous and being humiliated. It seemed to me she didn't care if Bohdan was intoxicated, she simply wanted to harm Bohdan by the arrest, and humiliation. She also had no cause to remove me from the vehicle and do a search of the vehicle and my personal possessions.**

21. State the specific factual basis for your claim that Defendant **Trooper Davis** lacked probable cause to detain, falsely arrest Plaintiff, and search Plaintiff's vehicle, in violation of the United States Constitution, New Jersey law, and the

New Jersey Civil Rights Act, as described in Count Two, Paragraph 66, Count Six, Paragraph 106, and Count Seven, Paragraph 112 of the Complaint.

**ANSWER:**     **Objection. This calls for a legal conclusion to which no response is required. Should a response be required, see Complaint and the Constitution and laws referenced. Put succinctly, there was no lawful basis for the traffic stop, no lawful basis to remove both of us from the vehicle, no lawful basis to arrest and transport Bohdan, and no lawful basis to search my vehicle or possessions. The burden is on law enforcement to show their actions conformed with the Constitution and the law, and Trooper Davis clearly cannot carry that burden.**

22. Did you consume any alcoholic beverages at any time on August 10, 2020? If yes, state:

**ANSWER: No.**

(a)    the specific type alcoholic beverage consumed (wine, beer, spirits; if spirits, specify rum, whiskey, vodka, etc.);

**ANSWER:    N/A**

(b)    the number of alcoholic drinks consumed, and,

**ANSWER:    N/A**

(c)    the approximate time each alcoholic beverage was consumed.

**ANSWER:    N/A**

23. List any and all drugs/and or medications (including prescription and non-prescription) taken by you on August 10, 2020.

(a)    the specific drug/medication consumed;

**ANSWER:    Singular, Albuterol.**

13

(b)     state what the drug/medication is taken for the dosage of the drug/medication consumed; and,

    **ANSWER:  Asthma.**

(c)     the approximate time each drug/medication was consumed.

    **ANSWER:   Daily.**

24.  State the specific acts Defendant Trooper Davis took to delay the court proceeding in this matter, as alleged in Count Four, Paragraph 80 of the Complaint.

    **ANSWER:  Seeking many continuances and her non-appearances at scheduled Court events.**

25.  State the disposition of the traffic summons 061 0-E20-001331 for Improper Right and Left Turns, in violation of N.J.S.A. 39:4-123 that Plaintiff received on August 10, 2020 e.g., pleaded guilty, pleaded to lesser included offenses, paid the fine, pleaded not guilty, etc.); include the date of final disposition and attach all documents related to the disposition issued by the court.

    **ANSWER:  The charge was dismissed by the Court. I do not have any documents related to the disposition issued by the Court. Trooper Davis should be in possession of the documents and, so should the Court.**


Respectfully Submitted,


Dated:                          By:  _____

P. Joseph Nicola, Esquire
N.J. Attorney I.D. # 02531980
1420 Locust Street, Suite 140
Philadelphia, PA 19102
(856) 229-2454
jnicola@nicolalaw.com
Attorney for Plaintiff

14

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## VICINAGE OF CAMDEN

| | |
|---|---|
| **BOHDAN J. ZELECHIWSKY** : | |
| **and** : | |
| **LISA A. ZELECHIWSKY,** : | |
| : | **CIVIL ACTION** |
| **Plaintiffs,** : | |
| : | **No. 22-cv-04994-CPO-AMD** |
| **vs.** : | |
| : | |
| **TROOPER ASHLEY DAVIS** : | |
| **and** : | |
| **TROOPER JOHN DOE,** : | |
| : | |
| **Defendants.** : | |

### CERTIFICATE OF SERVICE

I, P. Joseph Nicola, Esquire, do hereby certify that I did serve a true and correct copy of the attached Plaintiff Lisa Zelechiwsky's Answer to Defendants' First Set of Interrogatories to Each Named Plaintiff upon the following individual in the manner and at the addresses indicated below:

**Via Email & First Class U.S. Mail**
Daniel S. Shehata, Esquire
Azeem M. Chaudry, Esquire
R.J. Hughes Justice Complex
Richard J. Hughes Justice Complex
25 Market Street, P.O. Box 112
Trenton, NJ 08625-0112
Daniel.Shehata@law.njoag.gov
Azeem.Chaudry@law.njoag.gov

Sincerely,

Dated:                                  By:    _____
                                               P. Joseph Nicola, Esquire
                                               N.J. Attorney I.D. # 02531980
                                               1420 Locust Street, Suite 140
                                               Philadelphia, PA 19102
                                               (856) 229-2454
                                               jnicola@nicolalaw.com
                                               Attorney for Plaintiff